UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS (DALLAS)

| | | |
|---|---|---|
| J-W OPERATING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:11-cv-00920-F |
| | § | |
| OILFIELD SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF J-W OPERATING COMPANY'S MEMORANDUM IN SUPPORT OF
RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant J-W Operating Company ("**J-W**") and files this Memorandum in Support of Response in Opposition to the Motion to Transfer Venue ("Motion to Transfer") filed by Defendant Oilfield Services, LLC ("**Oilfield Services**"), as follows:

### I.    Introduction

Oilfield Services first filed its Answer in State Court as a simple general denial pleading, waiving any contest to venue.  Now, over six months later, and almost four months after this Court entered the Scheduling Order, Oilfield Services has decided that venue in the Northern District of Texas is inconvenient.  J-W has undertaken written discovery against Oilfield Services, has requested and scheduled the deposition of Oilfield Services for December 7, 2011, and is preparing to designate experts by the December 30, 2011 deadline.  Trial in this matter is scheduled for May 14, 2012.  Oilfield Services has been a willing participant in this litigation to this point, and a transfer of venue at this stage is untimely.  The delay, along with the weighing of private and public interest factors, firmly tilts the scales against a transfer of venue to Louisiana.

## II.     Factual and Procedural Background

J-W is the operator of a natural gas well known as the Moon Lake 10-2H (the "Well"). J-W hired Oilfield Services to provide services and equipment for the installation of 10,800 feet of intermediate casing in the Well. On May 20, 2010, using its own equipment and personnel, Oilfield Services began installation of the casing. During the afternoon of May 20, 2010, Oilfield Services failed to properly latch onto the string of casing, causing it to slip through the floor and down into the well hole. This action caused significant damage to the Well.

On March 24, 2011, J-W filed suit against Oilfield Services in state court in Dallas County, Texas asserting negligence and breach of contract causes of action related to Oilfield Services' failure to properly install the casing. Oilfield Services filed a general denial Answer in Dallas County State District Court on April 22, 2011[1], without challenging venue or jurisdiction of the Court. On April 29, 2011, Oilfield Services filed suit against J-W in the United States Western District of Louisiana, seeking a declaration that it was not negligent under the same set of facts involved in this suit.[2] The Louisiana Lawsuit, like the Motion to Transfer, is purely "an instrument of procedural fencing either to secure delay or to choose a forum."[3]

On May 3, 2011, Oilfield Services filed its Notice of Removal relating to the Texas Lawsuit, which case is now pending before this Court. J-W filed its Motion to Dismiss in the Louisiana Lawsuit on July 1, 2011, and Oilfield Services filed its memorandum in opposition on August 5, 2011. In its opposition, Oilfield Services urged the court in the Louisiana Lawsuit "to refrain from ruling on J-W's motion," promising to file a Motion to Transfer in this Court by August 12,

---

[1] *See* Docket No. 1-8.
[2] Civil Action Number 5:11-CV-00680 in the United States Western District of Louisiana (the "**Louisiana Lawsuit**").
[3] *See American Automobile Ins. Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir. 1939), "[t]he wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum."

2011.  The Motion to Transfer was finally filed on October 31, 2011. See, Docket No. 7.  The Louisiana Court has yet to rule on the Motion to Dismiss.

### III.   Analysis

**A. Oilfield Services' election to delay in challenging venue not only weighs against a transfer to another district, but waives as a matter of law any improper venue argument**

The transfer of this matter to another district will cause undue prejudice and delay.  The parties have already exchanged initial disclosures and commenced discovery.  The deposition of Oilfield Services is scheduled for December 7, 2011.  Pursuant to the Scheduling Order, the deadline to amend pleadings has passed and the jury trial is set on the Court's docket.  There is no scheduling order entered in the Louisiana Lawsuit and no date for trial has been set in that case, meaning that the parties would be starting anew.  "Although a motion to transfer venue under 28 U.S.C. § 1404(a) is not subject to the pleading requirements of Rule 12(h), it still must be filed with "reasonable promptness."  *N2 Consulting, LLC v. Engineered Fastener Co.*, 2002 U.S. Dist. LEXIS 18700, *6 (N.D. Tex. 2002) (the motion to transfer was denied, with the court noting that the motion was not filed until six months after the case was filed, four months after the action was removed to federal court, after initial disclosures were exchanged, and only six months prior to the end of discovery.[4]), *citing Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir.), *cert. denied,* 493 U.S. 935 (1989); *see also American Airlines, Inc. v. Rogerson ATS,* 952 F. Supp. 377, 384 (N.D. Tex. 1996) (denying motion where transfer would disrupt existing scheduling order).

---

[4] There are only four months remaining in the discovery period in this lawsuit.

Oilfield Services argues in its Motion to Transfer that "there is no proper venue in the State of Texas."[5] However, even if the law supported such an assertion, by choosing to unduly delay contesting venue Oilfield Services has waived[6] that argument. FED. R. CIV. P.12 (b)(3). Additionally, "when the defendant voluntarily removes a pending state court action, venue is proper in the district court where the suit is removed." *Ashton v. Knight Transp., Inc.*, 2009 U.S. Dist. LEXIS 68586, *5, 6 (N.D. Texas 2009). Viewed in context with the factors discussed below, Oilfield Services' strategy to delay in seeking a transfer, and voluntarily removing the pending state court action without contesting venue in the state court, denial of the Motion to Transfer is appropriate.

### B. An examination of the §1404(a) private and public interest factors shows that a transfer would only be convenient to Oilfield Services

A "plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." *N2 Consulting, LLC*, 2002 U.S. Dist. LEXIS 18700 at *7 – 8, *quoting Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966); *see also Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F. Supp. 1392, 1395 (S.D. Tex. 1992) (where plaintiff's chosen forum is its place of incorporation and principal place of business, the importance of this factor is heightened). When deciding whether to transfer venue, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)(en banc). The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing

---

[5] Motion to Transfer at ¶ 10.

[6] Further, Oilfield Services waived its primary venue challenge in the State Court proceeding by filing its Answer. *See* TEX. R. CIV. P. 86(1) ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a.")

witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id.*

"The burden rests on the [moving party] to prove *by a preponderance of the evidence* that [the] choice of forum should be disturbed and transfer is appropriate based on a balancing of relevant factors." *Mannatech, Inc. v. K.Y.C., Inc*., 2006 U.S. Dist. LEXIS 53744, *5 (N.D. Tex. Aug. 3, 2006) (emphasis supplied). The party seeking a transfer of venue under §1404(a) must show "good cause," meaning that the "moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, and in the interest of justice. Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. Oilfield Services has moved to transfer this case without evidence such as affidavits or other proof containing detailed factual statements which would support the Motion to Transfer's conclusory statements. Oilfield Services has failed to carry its burden.

    1. **Private Interest Factors**
        a. **Access to Proof**

"A movant must identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties." *W. Coast Trends, Inc. v. Ogio Int'l, Inc.*, 2011 U.S. Dist. LEXIS 124343, *6 (E.D. Tex. (Tyler) October 27, 2011); *J2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, 2009 U.S. Dist. LEXIS 13210, *7 (E.D. Tex. 2009). Oilfield has only generally stated that *its own* "records and documents" are maintained and

located at its office in Bossier City without stating what those records are or explaining their relevance.[7] Not only have the parties already produced to each other copies of the documents they may use to support their claims or defenses when exchanging initial disclosures,[8] but with digital capabilities now available to every part, documents are no longer located in one place; they exist wherever the computer accessing them is located. While the physical location of documents is still technically a factor to be considered, it is not to be given much weight. *Verizon Employee Comm. v. Glaid*, 2006 U.S. Dist. LEXIS 85941, *11 (N.D. Tex. 2006) ("technological advances have significantly diminished the importance of this factor in the court's analysis."). Oilfield Services has not argued that document production and discovery cannot be conducted electronically as (if not more) easily as with paper documents.

Oilfield Services makes several references throughout the Motion to Transfer about the proximity of the courthouse in Shreveport to the Well site. However, Oilfield Services fails to provide any explanation of *why* a site visit to the Well would be necessary. *See, N2 Consulting, LLC*, 2002 U.S. Dist. LEXIS 18700, at *13 n.5 (N.D. Tex. 2002) (noting that because the moving party failed to establish why the ability to view the premises was necessary, the factor was not in favor of transferring to the district where the premises were located). In fact, any site visit to the now-completed Well, where there would no longer be any indication of Oilfield Services' negligence and the damage which occurred deep beneath the surface, would be no more useful to this case's fact finders than would sitting in the same courtroom where a defendant attorney was accused of a breaching his duty would be useful to a jury in a legal malpractice case.

---

[7] *See* Motion to Transfer at ¶ 12.
[8] *See Defendant Oilfield Services, LLC's Initial Disclosure* attached hereto as **Exhibit A**.

**Memorandum in Support of Response in Opposition to Defendant's Motion to Transfer Venue**　　　**Page 6**
C:\Oilfield\Response to Motion to Transfer Venue 111121.docx

### b. Witness Considerations

"The convenience of witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *N2 Consulting, LLC* 2002 U.S. Dist. LEXIS 18700 at *8. "A party seeking a transfer on that basis must specifically identify the key witnesses and <u>outline the substance of their testimony</u>." *N2 Consulting, LLC* 2002 U.S. Dist. LEXIS 18700 at *9 (emphasis supplied). "[W]here the key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because the party is able to compel their attendance at trial." *N2 Consulting, LLC* 2002 U.S. Dist. LEXIS 18700 at 11; *see also Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) ("Where, as here, the moving party has merely made a general allegation that certain witnesses are necessary, without identifying them or the substance of their testimony, the motion must be denied.")

According to its disclosures, the only persons who Oilfield Services believes have knowledge of discoverable information are either employees of the parties (who the Court must presume are willing to attend) or of an "unknown driller" or Patterson-UTI Drilling Company, LLC ("**Patterson**"), which Oilfield Services lists as having a Dallas, Texas address.[9]  Oilfield Services also fails to explain how transferring the case to the Western District of Louisiana would be more convenient to the entities and persons listed in its Motion to Transfer which are located in Mart, Texas, Golden, Colorado and southern Louisiana.

Oilfield Services has not indicated that it intends to call any non-party witnesses at trial. Even if it had so indicated, in addition to failing to state the <u>substance</u> of those persons' testimony, Oilfield Services did not allege that the non-party witnesses are *unwilling* to testify.

---

[9] *See* **Exhibit A**.

*See IBEW-NECA Southwestern Health & Benefit Fund v. Duvall Electric, LLC*, 2011 U.S. Dist. LEXIS 19959, *10 (N.D. Tex 2011) ("even if these witnesses were needed at trial, other courts in this district have considered the compulsory process factor to be neutral when parties have not alleged that non-party witnesses are unwilling to testify.") *citing Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.,* 2009 U.S. Dist. LEXIS 15606, *9 (N.D. Tex. 2009).

J-W might accept as true that it would be more convenient for Oilfield Services to have this case tried in Shreveport, despite the fact that Oilfield Services' parent company, Frank's Casing Crew & Rental Tool, Inc., is headquartered in southern Louisiana and has more offices in Texas than it does in Louisiana.[10] However, it would be less convenient to J-W, which is based in Addison, Texas (and most likely less convenient to Snyder, Texas-based Patterson, if indeed Oilfield Services intends to call Patterson as a witness at trial), and "a transfer is not appropriate where the only justification is to shift the balance of inconveniences from one party to another." *N2 Consulting, LLC*, 2002 U.S. Dist. LEXIS 18700 at *16; *see also Ternium Int'l U.S.A. Corp.* 2009 U.S. Dist. LEXIS 15606 at *11. ("Shifting expenses from one party to another does not weigh in favor of transferring a case without some evidence that shifting those expenses would serve the interests of justice.").

Oilfield Services has not specified the nature of any physical evidence or the substance of witness testimony which could not be accessed in this District, nor has it stated that any non-party witnesses would be unwilling to attend a trial in Dallas. The desire to make a trial more convenient only for itself does not justify a transfer.

---

[10] *See* the "Locations" information page from Frank's Casing's company website, attached hereto as **Exhibit B**.

### 2. Public Interest Factors

In the Motion to Transfer, Oilfield Services confidently states "there will *certainly* be a conflict of law issue if this case is tried in the Dallas Division, since Louisiana law will *certainly* apply to most of this case . . ."[11]  However, this "familiarity with the applicable law" factor should not weigh towards transferring the case, for as Judge Kaplan once stated, "[t]his court, like all federal courts, is experienced in applying the law of other jurisdictions and can certainly do so in a simple breach of contract case."  *See, AMS Staff Leasing v. Starving Students, Inc.*, 2003 U.S. Dist. LEXIS 10345, *9 (N.D. Tex. 2003).

With respect to the local interest factor, both J-W and Oilfield Services (and Oilfield Services' parent company and Patterson[12]) do business in the oil and gas industry in both Texas and Louisiana, as well as in other states.  Moreover, the citizens of the Northern District of Texas and the Western District of Louisiana are both affected by the commerce created by the Barnett Shale and Haynesville Shale, respectively.  This factor would likely be neutral in the Court's analysis were it not for the fact that Addison, Texas-based J-W was the entity suffering a harm.

### Conclusion

Oilfield Services has been content to litigate in this Court since April 29, 2011.  However, instead of defending the case brought against it, Oilfield Services chose to file another lawsuit over the same set of facts in Louisiana and then delay rulings in that suit once it was filed.  In filing this Motion to Transfer, it is Oilfield Services' burden to establish the transferee venue is "clearly more convenient than the venue chosen by" J-W.  Oilfield Services has not identified any documents or evidence which cannot be accessed in this District, nor has it

---

[11] *See* Motion to Transfer at ¶ 21.

[12] *See* the Rig Locator page and Rig Summary pages from Patterson's website, true and correct copies of which are attached hereto as **Exhibit C**, indicating that of Patterson's 222 active rigs, over half are in Texas with 17 in North Texas.

specified the substance of any testimony from a non-party witness who is unwilling to appear in Dallas, Texas. Oilfield Services' Motion to Transfer Venue should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff J-W Operating Company respectfully requests an Order from this Court denying Defendant's Motion to Transfer Venue in its entirety and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Julie A. Walker
Julie A. Walker
State Bar No. 24012970
jwalker@milmen.com
David A. Miller
State Bar No. 14067025
dmiller@milmen.com

MILLER MENTZER, P.C.
P. O. Box 130
100 N. Main St.
Palmer, Texas 75152
Telephone (972) 845-2222
Facsimile   (972) 845-3398
**ATTORNEYS FOR PLAINTIFF
J-W OPERATING COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon the following parties or their counsel of record via the Court's electronic mailing system, this 21st day of November, 2011:

Douglas D. Fletcher
FLETCHER, FARLEY, SHIPMAN &
SALINAS, L.L.P.
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231

/s/ Julie A. Walker
Julie A. Walker