ACE.20793

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J-W OPERATING COMPANY | § § § | |
| Vs. | § § | CIVIL ACTION NO. 3:11-CV-00920-F |
| OILFIELD SERVICES, LLC | § § § | |

## Defendant's Amended Motion to Transfer Venue

Oilfield Services, LLC requests that this case be transferred to the Western District of Louisiana, Shreveport Division, pursuant to 28 U.S.C. § 1404(a), because the underlying incident occurred within that division and many witnesses are within that district. The categories of interests favor transferring this case to the Western District of Louisiana.

### Summary and Factual Background

1. This lawsuit involves activities that took place at an oil well located at the "Moon Lake 10-20H Well" [Affidavit of Bruce Coulombe, attached as Exhibit "B"]. J-W Operating Company was the operator for the Moon Lake Well [Plaintiff's Original Petition ¶ 7]. Oilfield Services was hired by J-W to provide casing services on the Moon Lake Well [Plaintiff's Original Petition ¶ 7]. On May 20, 2010, there was an accident at the Well wherein a string of casing fell into the wellhole [Plaintiff's Original Petition ¶ 8]. Although J-W attempted to "fish" the casing out of the Well, ultimately, the hole had to be plugged and re-drilled [Plaintiff's Original Petition ¶ 9].

2. All of the events regarding the drilling of the Well, the loss of the casing into the wellhole, the "fishing" attempt, plugging and redrilling all took place at the Moon Lake Well site in Bossier Parish, Louisiana. J-W's Rule 26(a)(1) disclosures demonstrate that the vast majority

of the witnesses, documents and discoverable information are located in or near the Shreveport Division, and not in or near the Dallas Division.

      3.    J-W's disclosures show the following:

(a)    Defendant and its employees involved with this matter are located in Bossier City, Louisiana;

(b)    Frank's Casing, owner and member of Oilfield Services, is located in Lafayette, Louisiana;

(c)    Patterson UTI Drilling Company (who provided the drilling rig), and its employees involved in this matter are located in Tyler or Snyder, Texas (although there is apparently a P.O. Box for the company also in Dallas);

(d)    Oilfield Supervisors, Inc. (drilling consultants for the well) and its relevant employees are located in Minden, Louisiana;

(e)    Milton Pasteka (drilling consultant for the well) is located in Mart, Texas;

(f)    Childress Fishing & Rental Services (fishing services on the well) is located in Houghton, Louisiana;

(g)    Mid-South Logging, LLC (worked on well) is located in Jonesboro, Louisiana;

(h)    Louisiana Oilfield Equipment Company, Inc. (worked on well) is located in Minden, Louisiana;

(i)    Mid-South Mud Logging, LLC (worked on well) is located in Jonesboro, Louisiana;

(j)    Acacia, LLC (worked on well) is located in Shreveport, Louisiana; and

(k)    Pason Systems USA Corp. (worked on well) is located in Golden Colorado.

[Plaintiff J-W Operating Company's Rule 26(a)(1) Disclosures at Exhibit "A"].

      4.    J-W filed this lawsuit in the 116th Judicial District Court of Dallas County, Texas, and Oilfield Services removed it to this Court. For the convenience of parties and witnesses, in the interest of justice, Oilfield Services requests that the Court transfer this action to the United States District Court for the Western District of Louisiana, Shreveport Division, pursuant to 28 U.S.C. § 1404(a).

## Arguments and Authorities

*A.      The Legal Standard for Transfer.*

5.      Oilfield Services moves to transfer venue of this action under 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

District courts have broad discretion in deciding whether to order a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). However, that discretion is limited by the text of § 1404(a) and the precedents of the Supreme Court and the Fifth Circuit in interpreting § 1404(a). *In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc). A party seeking transfer under § 1404(a) has the burden to show "good cause" for the transfer. *In re Volkswagen*, 545 F.3d at 315.

6.      In determining whether a convenience transfer is appropriate, a court should balance two categories of interests when determining whether to transfer venue: (1) the convenience of the litigants; and (2) the public interests in the fair and efficient administration of justice. *See International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996).

7.      The Fifth Circuit has recognized eight factors that are considered in determining a motion to transfer under section 1404(a), four "private interest" factors and four "public interest" factors. *In re Volkswagen*, 545 F.3d at 315. The private interest factors are:

(1)     the relative ease of access to sources of proof;

(2)     the availability of compulsory process to secure the attendance of witnesses;

(3)     the cost of attendance for willing witnesses; and

(4)     all other practical problems that make trial of a case easy, expeditious and inexpensive.

**Defendant's Amended Motion to Transfer Venue**                                                                                                    **Page 3**

*Id*. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The public interest factors are:

    (1)    the administrative difficulties flowing from court congestion;

    (2)    the local interest in having localized interests decided at home;

    (3)    the familiarity of the forum with the law that will govern the case; and

    (4)    the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id*.

    8.    There is also a threshold question that must also be determined prior to application of any of the eight factors – the destination venue must be a venue where the civil action "might have been brought." *In re Volkswagon*, 545 F.3d at 312. *See* 28 U.S.C. § 1404(a).

### B.    *The Shreveport Division is a Permissible Venue.*

    9.    This action could have been brought in the Shreveport Division (indeed, it should have been). In the absence of a specific venue statue, none of which are applicable here, 28 U.S.C. § 1391 provides the proper venue of a lawsuit:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commences, if there is no other district in which the action my otherwise be brought.

Oilfield Services, the sole defendant, is a corporation organized and existing under the laws of the State of Delaware [Original Petition ¶ 3]. Hence, no Texas District is appropriate under § 1392(a)(1).

    10.    However, all of the actions complained of – all of the events and claimed omissions giving rise to this claim – occurred at the Moon Lake Well site in the Shreveport Division [Original Petition ¶¶ 8-9; Affidavit of Bruce Coulombe, attached as Exhibit "B"]. Since venue is proper in the Shreveport Division under § 1392(a)(2), § 1392(a)(3) is inapplicable.

Under Federal law, there is no proper venue in the State of Texas; rather, the Shreveport Division is the proper location for this case.

C.     The "Convenience" Factors.

11.    A review of the relevant convenience factors demonstrates that the Shreveport Division is by far the most convenient venue for this lawsuit. The factors will be addressed in the order set forth above.

      i.     **Relative Ease of Access to Sources of Proof.**

12.    As stated in the Petition, all of the events relating to this claim took place at the Moon Lake Well site in Bossier Parish, Louisiana. All of Oilfield Services records and documents relating to this incident and claim are maintained and located at the corporate offices of Oilfield Services in Bossier City [Affidavit of Bruce Coulombe, attached as Exhibit "B"]. It is possible that some of J-W's documents may be in Dallas, but their Disclosures indicate that all of the relevant documents are apparently in Palmer, Texas [Disclosures at Exhibit B]. None of the other persons or entities involved in this incident are located in the Dallas Division, and most are located in Louisiana, as noted above. Hence, the Western District of Louisiana, and more specifically, the Shreveport Division is more convenient as regards access to sources of proof.

      ii.    **Availability of Compulsory Process to Secure Attendance of Witnesses.**

13.    Federal courts have subpoena power over non-party witnesses extending to 100 miles under Federal Rule of Civil Procedure 45(c)(3)(A)(ii), and any trial subpoenas for non-party witnesses located more than 100 miles away are subject to motions to quash. *See In re Volkswagen*, 545 F.3d at 316; FED. R. CIV. P. 45(c)(3). The only witnesses within 100 miles of the Dallas Division (and within the subpoena power of the Court) are employees of the plaintiff located in Dallas (the Disclosures just give the attorney's address for the 3 J-W employees listed as being relevant). The vast majority of other witnesses are located within the Western District of

Louisiana, and well within 100 miles of the Shreveport Division. There are also a few witnesses that are not within subpoena of either court. The potential witnesses include:

| Name | Location |
|---|---|
| Dale Niette, Manny Heafner, Chris Friday (employees of Plaintiff) | Dallas, Texas |
| Jim Allen, Tommy Prince, Robert McGowen (employees of Defendant) | Bossier City, Louisiana |
| Frank's Casing employees | Lafayette, Louisiana |
| Jimmy Slay, Joel Paul, Darnell Nealey | Tyler, Texas |
| William T. Newton, Timothy Mills | Minden, Louisiana |
| Milton Pasteka | Mart, Texas |
| Childress Fishing & Rental Services | Houghton, Louisiana |
| Mid-South Logging, LLC | Jonesboro, Louisiana |
| Louisiana Oilfield Equipment Co. | Minden, Louisiana |
| Mid-South Mud Logging, LLC | Jonesboro, Louisiana |
| Acacia, LLC | Shreveport, Louisiana |
| Pason Systems USA Corp | Golden, Colorado |

14. A simple review of the witnesses listed by Plaintiff in his disclosures indicates that most of the witnesses are located in Louisiana, and only the three employees of Plaintiff are listed in the Northern District of Texas (although the home address is not supplied, so it is possible that they do not actually reside in the Northern District), and are far from this Court's location.

15. The vast majority of witnesses in this case are located within the subpoena range of the Shreveport Division, and few are within this Court's subpoena range. As such, this factor militates in favor of the Shreveport Division.

### iii. Cost of Attendance for Willing Witnesses.

16. The Dallas Division is approximately 180 miles from the Shreveport area where the incident took place and many witnesses reside. Oilfield Services expects and intends to call its witnesses live at trial, which would necessitate serious travel expenses, since most of its witnesses are well in excess of 100 miles from the Dallas/Fort Worth area. The cost of attendance would be dramatically higher in Dallas than in the Shreveport area simply because of the number

of witnesses that would have to travel if trial was held in Dallas. Hence, this factor also weighs in favor of the Shreveport Division.

### iv.   All Other Practical Problems.

17.   All of the problems with the venue of this case revolve around the same thing – the incident complained of occurred entirely at the Moon Lake Well site in Bossier Parish, Louisiana, well over 150 miles from where suit was filed. The vast majority of the witnesses to what occurred live and work in the far from Dallas, in Louisiana, and most of the documents relevant to this case are not located in the Dallas Division, save for some kept by Plaintiff at its attorney's office.

### v.   Administrative Difficulties/Court Congestion.

18.   Oilfield Services does not have any knowledge or information to indicate that either the Dallas Division or the Shreveport Division would have more administrative difficulties or court congestion (although it is recognized and well-known that the Dallas Division is an extremely busy Division). Certainly this Court is the best judge of its own case backlog, if any. Oilfield Services believes that this factor is neutral.

### vi.   Local Interest.

19.   Plaintiff's case is based upon a claim that Oilfield Services employees at the Moon Lake Well site "negligently failed to properly latch on to the string of casing, causing the casing to slip through the floor and fall down the wellhole causing extensive damage" [Original Petition at ¶ 8]. It is difficult to conceive how anyone in the Dallas Division (other than the Plaintiff itself) would have any interest in the acts or omissions of Bossier City employees more than 150 miles away. People in the Shreveport Division, however, certainly would have a local interest in an incident that happened right in their county. "Local interest" exists when a defendant does business in that Division, and weighs more when the event itself occurred there. *See Robertson v. Kiamichi R. Co.*, 42 F.Supp.2d 651, 659 (E.D. Tex. 1999). This factor certainly militates in favor of the Shreveport Division.

    **vii.**    <u>**Familiarity of the Forum with Applicable Law**</u>**.**

20.    There is no doubt or dispute that Louisiana law will apply to all of J-W's tort claims (all actions and events taking place in Louisiana), and that both the Shreveport Division would have much greater familiarity with the laws of the State in which it is located. There will likely be a dispute as to what law will apply to J-W's contract claim, either Louisiana or Texas law. This being the case, this factor leans in favor of the Shreveport Division in the analysis.

    **viii.**    <u>**Avoidance of unnecessary problems of Conflict of Laws**</u>**.**

21.    As noted above, there will certainly be a conflict of law issue if this case is tried in the Dallas Division, since Louisiana law will certainly apply to most of this case, and possibly to all of it (all actions and events taking place in Louisiana). Hence, this factor also leans in favor of the Shreveport Division in the analysis.

**Conclusion**

22.    This case should have never been brought in the Dallas Division. There is no doubt that venue is proper, appropriate and convenient in the Shreveport Division, and not in Texas. There are few, if any factors that militate in favor of the Dallas Division, while the vast majority of the factors either favor the Shreveport Division or are neutral. The most convenient location for this case to be tried is in the Western District of Louisiana, Shreveport Division.

WHEREFORE, PREMISES CONSIDERED, Defendant Oilfield Services, LLC respectfully requests that this action be transferred to the United States District Court for the Western District of Louisiana, Shreveport Division, and for such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ Keith A. Robb
**DOUGLAS D. FLETCHER**
State Bar No. 07139500
Doug.Fletcher@fletcherfarley.com
**KEITH A. ROBB**
State Bar No. 24004889
Keith.robb@fletcherfarley.com
**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**
8750 N. Central Expressway, 16th Floor
Dallas, Texas 75231
(214) 987-9600
(214) 987-9866 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**OILFELD SERVICES, LLC**

### Certificate of Conference

I hereby certify that counsel for Oilfield Services conferred with counsel for J-W Operating Company on October 31, 2011 at approximately 3:45 p.m. Unfortunately an agreement could not be reached. This matter is therefore presented to the Court for determination.

/s/ Keith A. Robb

### Certificate of Service

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules on all attorneys of record in this cause of action on the 12th day of December, 2011.

/s/ Keith A. Robb