UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS (DALLAS)

| | | |
|---|---|---|
| J-W OPERATING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:11-cv-00920-F |
| | § | |
| OILFIELD SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

**J-W OPERATING COMPANY'S MEMORANDUM IN SUPPORT OF
RESPONSE IN OPPOSITION TO
<u>DEFENDANT'S AMENDED MOTION TO TRANSFER VENUE</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff J-W Operating Company ("J-W Operating") and files this Memorandum in Support of Response in Opposition to Defendant's Amended Motion to Transfer Venue, and respectfully shows the following:

**Procedural Background**

On October 31, 2011, Defendant Oilfield Services, LLC ("Oilfield Services") filed its Motion to Transfer Venue (the "Motion"). On November 21, 2011 J-W Operating filed its Response to the Motion, and on November 28, 2011 Oilfield Services filed a Reply. The Court scheduled the Motion for a hearing to occur on December 11, 2011.

On December 9, 2011, Oilfield Services filed a Motion to Continue its hearing on the basis that it inadvertently failed to file its evidence in support of the Motion. The Motion was granted, and Oilfield Services field its Amended Motion to Transfer Venue (the "Amended Motion) on December 12, 2011.

J-W Operating incorporates its Memorandum in Support of Response in Opposition to the Motion [Docket #12] (the "Response") by reference as if fully set forth. In addition, J-W Operating further responds as follows:

### Memorandum in Support of Response to Amended Motion

1. The fact that Oilfield Services has finally attached the documentation upon which it relies in support of the Amended Motion does not change the fact that Oilfield Services has failed to establish valid reasons why the choice of forum should be disturbed. "The party moving for a change of venue bears the burden of demonstrating why the forum should be changed." *In re Triton Ltd. Sec. Litigation*, 70 F.Supp.2d 678, 688 (E.D. Tex. 1999). This is a "strong burden" to carry and cannot be satisfied by "merely making unsupported assertions." *Id.*

2. Defendant's newly-filed evidence includes a self-serving affidavit from the Corporate Counsel of Oilfield Services' parent company, Frank's Casing Crew & Rental Tools, Inc. In the affidavit, counsel Bruce Coulombe broadly contends that the "majority of employees of Oilfield Services who would be relevant witnesses to matters involving its operations at the Moon Lake 10-20H Well are residents of Louisiana." "It is the convenience of non-party witnesses, rather than of employee witnesses, however, that is the more important factor and accorded greater weight." *Triton*, 70 F.Supp.2d at 688, quoting *Gundle Lining Constr. Co. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994). Further, Mr. Coulombe's affidavit is perhaps more telling for what it *fails* to include:

   a. The employee witnesses' identities or specific residences.

   b. Why the employee witnesses are relevant, or if they are "key witnesses" that Oilfield Services contemplates will actually be called to testify.

    c. The residences of the referenced "relevant" employee witnesses who are *not* residents of Louisiana.

    d. Whether the "relevant" employee witnesses who are *non-Louisiana* residents are individuals who Oilfield Services contemplates will be called to testify.

    e. Factual support for Oilfield Services' contention that production of documents outside Bossier City would be burdensome.

    f. Factual support for Oilfield Services' contention that cost of attendance at trial for willing witnesses is an unnecessary expense, or why that cost should be borne by J-W for its witnesses' attendance if venue is transferred to Louisiana.

    g. Information to support an implication that the "potential witnesses" Oilfield Services identifies in the Amended Motion at ¶ 13 will actually be called to trial.[1]

    h. Factual support for Oilfield Services' argument that the mere location of the incident is important. Indeed, the end of the casing that was dropped is currently located in the Northern District of Texas (Dallas Division), and the rig has long since been moved on from the well site.

3.     Oilfield Services contends "the vast majority of the witnesses, documents and discoverable information are located in or near the Shreveport Division, and not in or near the Dallas Division." Motion at ¶ 2. Although ample time has existed for Oilfield Services to perform discovery, the only support tendered for this otherwise unsupported assertion is J-W's initial disclosure responses. In fact, many of the witnesses on J-W's initial disclosures – Childress Fishing & Rental Services, Louisiana Oilfield Equipment Company, Inc., Mid-South Mud Logging, LLC, Acacia, LLC, Pason Systems USA Corp. and Pathfinder Energy Services, Inc. – are companies that performed services after the incident and were listed for purposes of

---

[1] The majority of these "potential witnesses" were not identified in Oilfield Services' Initial Disclosures.

authenticating the invoices that J-W relies upon for its damages claims.  In fact, with respect to true non-party witnesses, J-W has recently learned that *not one single member of the Patterson-UTI Drilling crew that was on duty at the time of the incident resides in Louisiana*. *See* **Exhibit D** (J-W Operating Company's First Amended Initial Disclosures).  The burden of bringing these non-party witnesses to Dallas for trial is no greater than bringing them to Louisiana.

4.      After delaying for months in bringing the Motion and Amended Motion, the delay tactics of Oilfield Services continue, and provide additional support for a denial by this Court of the Amended Motion.  After refusing to present a witness for the December 7, 2011 deposition referenced in J-W's Response, and filing a Motion for Protective Order (which Oilfield Services later asked the undersigned's permission to withdraw), the deposition has been scheduled for January 19, 2012. *See* Docket #17.  As the Court is aware, this delay already necessitated amendment of the Scheduling Order. *See* Docket #22.  J-W's damages in this case exceed $2,000,000.  A transfer of venue will likely require postponing trial, will provide no benefit, and will only delay justice.

WHEREFORE, PREMISES CONSIDERED, J-W OPERATING COMPANY respectfully requests an order from this Court denying the Amended Motion to Transfer Venue filed by Defendant Oilfield Services, LLC in its entirety, and for all other and further relief to which J-W Operating Company may be justly entitled in law and by equity.

Respectfully submitted,

*/s/ Julie A. Walker*
Julie A. Walker
TX State Bar No. 24012970
jwalker@milmen.com

       David A. Miller
       TX State Bar No. 14067025
       dmiller@milmen.com

       MILLER MENTZER, P.C.
       P. O. Box 130
       100 N. Main St.
       Palmer, Texas 75152
       Telephone (972) 845-2222
       Facsimile  (972) 845-3398
       **ATTORNEYS FOR PLAINTIFF**
       **J-W OPERATING COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon the following parties or their counsel of record via the Court's electronic mailing system, this 26th day of December, 2011:

Douglas D. Fletcher
Keith Robb
Patrick Whitaker
FLETCHER, FARLEY, SHIPMAN &
SALINAS, L.L.P.
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231

       */s/ Julie A. Walker*
       Julie A. Walker