IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J-W OPERATING COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | Civil Action No. 3:11-cv-920-F |
| | § | |
| OILFIELD SERVICES, LLC | § | |
| Defendants | § | |

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

BEFORE THE COURT is Defendant Oilfield Services, LLC's Amended Motion to Transfer Venue (Doc. No. 21), filed December 12, 2011. A Response was filed on December 26, 2011 (Doc. No. 24) After considering the parties' arguments and relevant law, the Court is of the opinion that Defendants' Motion should be **GRANTED**.

### I.  Facts and Procedural Background

This case arises out of an accident that took place on May 20, 2010 at the Moon Lake 10-20H Well, operated by Plaintiff J-W Operating Company ("J-W"), in Bossier Parish, Louisiana. J-W filed suit in Texas state court for breach of contract and negligence. Oilfield Services removed it to federal court on May 3, 2011 (Doc. No. 1). The Court entered a Scheduling Order on July 7, 2011, and set a May 14, 2012 trial date (Doc. No. 6). Oilfield Services now requests that the Court transfer this action to the U.S. District Court for the Western District of Louisiana, Shreveport Division, pursuant to 28 U.S.C. § 1404(a).

There is a parallel proceeding taking place in a sister court. Before removing this action, Oilfield Services filed suit against J-W in the U.S. District Court for the Western District of Louisiana on April 29, 2011, seeking a declaration that it was not negligent under the same facts involved in this suit, 5:11-cv-00680-TS-MLH ("Louisiana Lawsuit"). J-W filed a Motion to Dismiss, or in the alternative, Motion to Transfer in the Louisiana Lawsuit on July 1, 2011, and Oilfield Services filed its Response, urging the court in the Louisiana Lawsuit to "withhold ruling until the Texas court has resolved the transfer issue." The Louisiana court has yet to rule on the Motion to Dismiss, and the transfer issue is properly before this Court.

## II. Discussion

*1. Venue has not been waived nor has there been an undue delay in raising this issue.*

As a threshold inquiry, J-W in its Response to the pending motion argues that Oilfield Service's delay in challenging venue waives any improper venue argument as a matter of law. This is not entirely correct. Section 1404(a) sets no time limit on when a motion to transfer can be made. It is true, however, that parties seeking a change of venue shall file a motion with "reasonable promptness," *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). Moreover, courts have found that a § 1404(a) motion filed four-years after suit was "timely" since a four-year delay had not been shown to be "a dilatory tactic, or that the defendant would be prejudiced solely because of the delay." *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000) (citing *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980)).

J-W filed this case in Dallas County, Texas state court on March 24, 2011, and Oilfield Services removed it on May 3, 2011 (Doc. No. 1). Oilfield Services's Motion to Transfer was filed on October 31, 2011, nearly six months after the removal date. Nevertheless, JW has provided no evidence that the instant motion is "a dilatory tactic, or that the defendant would be prejudiced solely because of the delay." Instead, J-W relies heavily on *IBEW-NECA Southwestern Health & Ben. Fund v. Duvall Electric, LLC*, No. 10-cv-107-B, 2011 WL 711005 (N.D. Tex. Feb. 28, 2011) for the proposition that transferring this case would cause undue delay.

But the facts that supported Judge Boyle's decision in *Duvall* are not present here. The dispositive motion deadline is two months away here, not two weeks away as in *Duvall. Id.* at *4. In fact, J-W and Oilfield Services together moved to modify the scheduling order, *see* Plaintiff J-W Operating Company's Unopposed Motion to Modify Scheduling Order (Doc. No. 22), while this motion was pending. And in contrast to *Duvall,* transferring the case will not cause a duplication of efforts by this court and the transferee court. *Id.* On the contrary, with the declaratory action pending in Louisiana and the fact that Judge Tom Stagg is withholding ruling on the pending motion to dismiss in that case, there would be a duplication of efforts if these cases were to proceed in different districts.

   *2. This Case Could Have Been Brought Originally in the Western District of Louisiana.*

The Court must first determine whether the case could have been brought originally in the Western District of Louisiana. The federal venue statute provides the following guidance when jurisdiction is based on the diversity of parties, as is here:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391.

Here, Oilfield Services, the sole defendant, is a corporation organized and existing under the laws of the State of Delaware. Orig. Pet. ¶3. J-W Operating Company is a corporation organized and existing under the laws of the State of Texas. Accordingly, no judicial district in Texas is appropriate under 28 U.S.C. § 1391(a). The Western District of Louisiana is a permissible venue since it is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(2).

   *3. Transfer to the Western District of Louisiana is Appropriate.*

Section 1404(a) requires Defendant to show good cause in order to effect a transfer. *In re Volkswagen of America, Inc. ( Volkswagen II )*, 545 F.3d 304, 315 (2008) (citing *Humble Oil*, 321 F.2d at 56). "[T]o show good cause means that a moving party,

4

in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' " *Id*. (quoting § 1404(a)). "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*.

In determining whether a convenience transfer is appropriate, a court should balance two categories of interests when determining whether to transfer venue: (1) the convenience of the litigations; and (2) the public interests in the fair and efficient administration of justice. *See Int'l Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir. 1996). The Fifth Circuit has recognized eight factors that are considered in determining a motion to transfer under § 1404(a), four "private interest" factors and four "public interest" factors. *In re Volkswagen of America, Inc.,* 545 F.3d at 315. The private factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Id.*

Here, Oilfield Services has demonstrated that the relevant factors weigh in favor of transfer. The Western District of Louisiana is a permissible venue. There is a parallel

proceeding taking place in Louisiana federal court that was filed before the notice of removal in this case. All of the events and claimed omissions giving rise to the claim occurred at the Moon Lake Well site in the Shreveport Division of the Western District of Louisiana. All of Oilfield Services records and documents relating to this incident and claim are maintained and located at the corporate offices of Oilfield Services in Bossier City. It is possible that some of J-W's documents may be in Dallas, but their disclosures indicate that all of the relevant documents appear to be in Palmer, Texas. Additionally, the vast majority of witnesses are located within the Western District of Louisiana; the only witnesses within 100 miles of the Dallas Division—and within the subpoena power of the Court—are employees of J-W located in Dallas. As a result, it makes most sense to transfer this case to Louisiana.

### III.   Conclusion

For the reasons stated above, Defendants' motion to transfer venue is **GRANTED** and the Court **TRANSFERS** this action to the U.S. District Court, Western District of Louisiana, Shreveport Division for further proceedings.

IT IS SO ORDERED.

SIGNED this 10th day of January, 2012.

_____
Royal Furgeson
Senior United States District Judge